## WILLIAM MUNN *vs.* AMOS E. REED.

The owner of a dog which has inflicted an injury on a child cannot exempt himself from the liability imposed by statute because it appears that the child did not act with the discretion and judgment of a person of mature years; but he is liable, if the child was bitten while using such care as is usual with children of its age, and there was no want of ordinary care in the person having the care of the child.

If, in an action to recover for an injury inflicted upon a child by a dog, the case is submitted to the jury under instructions requiring them to find that neither the fault of the child nor of the mother, who had the care of the child, contributed to the injury, a verdict for the plaintiff will not be set aside because the judge refused to instruct the jury, at the request of the defendant, that it is *prima facie* evidence of want of care for a mother to allow her child to play with a strange dog.

If the father and next friend of an infant, who is plaintiff in an action to recover for an injury inflicted by the bite of a dog, enters into a submission reciting that there is a controversy in relation to damage sustained by his child, by a dog belonging to the defendant, and agreeing to refer the whole subject in dispute to arbitrators, and signs the same with his own name, an award of the arbitrators finding that the defendant shall pay a certain sum to the father and another sum to the child is no defence to the action.

TORT brought in the name of an infant of the age of four years, by Charles H. Munn, his father and next friend, to recover damages for an injury caused by the bite of the defendant's dog.

At the trial in the superior court, before *Vose,* J., there was evidence which, as the defendant insisted, tended to show that the injury was caused by the plaintiff's teasing and irritating the dog, in the presence of the plaintiff's mother, and without interference on her part; that the dog, which was a Newfoundland dog, good-natured, and had never been known to bite any one, came into the office of Charles H. Munn's hotel, with a person who boarded with the defendant, and had been at Munn's several times before; that it lay down in a corner of the room, and the plaintiff came in with his mother, who had a small child in her arms, and told the plaintiff that he must be careful not to set chairs around the dog, as he might bite; and that, her back being turned, the child played with and handled the dog, and was bitten by him. The defendant requested the judge to rule, amongst other things: 1. That if the plaintiff brought on the injury by his own rashness, or by want of ordinary care, or by provoking or exciting the dog, he could not recover; 2. That

it is *prima facie* evidence of want of care for a mother to allow her child to play with a strange dog.

The judge declined so to rule, and instructed the jury that "if the injury was caused by the want of due care on the part of the plaintiff, as regards the dog, he cannot recover. What was ordinary care is to be determined by a consideration of all the facts in the case, having reference to the tender years and mental capacity of the plaintiff. If the child treated the dog, through its childish instincts and thoughtlessness, in a manner which would be reckless or a want of ordinary care in a person of mature years, and the injury was caused thereby, this would not in this case deprive the plaintiff of his right to recover. If the child was at the time of the injury in the custody and under the control of the mother, and she did not exercise that care and watchfulness over it which a person of mature years, having the custody of such a child, and standing in the relation to it which she did, ordinarily would, having reference to all the facts in the case, and the injury was caused in consequence of such want of care on the part of the mother, or if such want of watchfulness on her part contributed to the injury, the plaintiff is not entitled to recover."

It appeared that Charles H. Munn had commenced an action in his own name for the loss of the child's services, and on the first day of the term at which the present action was tried, he and the defendant signed an agreement as follows : " Greenfield, Nov. 8th 1861. Know all men by these presents that we the subscribers of Greenfield, having a controversy in relation to damage sustained by C. H. Munn's child by a dog belonging to A. E. Reed, we have agreed to refer the whole subject in dispute to A. C. Deane and George W. Potter, and agree to abide by the decision of the same. C. H. Munn, A. E. Reed." The arbitrators heard the parties and made an award as follows : " We find that Reed shall pay Munn fifteen dollars and all of the legal costs made in the suits, and shall also pay the boy fifty dollars. Greenfield, Nov. 11th 1861. George W. Potter, A. C. Deane." The defendant filed an additional answer setting up this award as a defence to the action ; but the judge ruled that it was not a bar.

The jury returned a verdict for thc plaintiff, with $66.33 damages, which sum was doubled by the court, under Gen. Sts. *c.* 88, § 59 ; and the defendant alleged exceptions.

*G. T. Davis & S. O. Lamb,* for the defendant, cited, as to the refusal to give the instructions requested, Gen. Sts. *c.* 88, § 59 ; *Birge* v. *Gardiner,* 19. Conn. 507 ; *Robinson* v. *Cone,* 22 Verm. 217 ; *Hartfield* v. *Roper,* 21 Wend. 615 ; *Parker* v. *Adams,* 12 Met. 415 ; Broom's Max. (2d ed.) 284. As to the award, Watson on Arbit. *c.* 3, § 1 ; Caldwell on Arbit. 12 ; Com. Dig. Arbit. D, 2 ; *Beebe* v. *Trafford,* Kirby, 215.

*D. Aiken & W. Griswold,* for the plaintiff.

BIGELOW, C. J.   We can see no error in these instructions. They were certainly sufficiently favorable to the defendant. The case was left to the jury in such way that they must have found that neither the fault of the child nor of the mother, who had him in charge, contributed in any degree to cause the dog to attack the plaintiff.   The child was not blameworthy or careless, if he conducted himself towards the animal as a person of that age would ordinarily act under similar circumstances.   The law requires no higher degree of care from a child than may be reasonably expected, in view of his age and the situation in which he is placed.   *Wright* v. *Malden & Melrose Raiload, ante,* 283. An owner of a dog cannot exempt himself from the liability imposed by statute in case of injury inflicted on a child, because it appears that the child did not act with the discretion and judgment of a person of mature years.   The purpose of the statute in affixing a heavy penalty in case of such injuries is to protect all persons, whatever may be their age or condition, who, through no fault of their own, are exposed to attacks from dogs, and to induce their owners and keepers to hold them under proper restraint and control.

The instructions as to the duty and responsibility of the mother for the care of her child, and as to her negligence or fault being sufficient ground to prevent a recovery by the plaintiff, were in conformity with the recent decisions of this court. *Holly* v. *Boston Gas Light Co.* 8 Gray, 183.   *Wright* v. *Malden & Melrose Railroad, ubi supra.*

The award was no bar to this action. The submission did not cover the present cause of action, but only the father's claim for damages occasioned by the injury to the child and the expenses incurred in consequence thereof.

*Exceptions overruled.*